UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVILLION WARD,<br><br>        Plaintiff,<br><br>    v.<br><br>CRAIG KOENIG,<br><br>        Defendant. | Case No. 21-cv-09741-JST<br><br>**ORDER GRANTING NUNC PRO TUNC EXTENSION OF TIME FOR DEFENDANT TO RESPOND TO DISCOVERY REQUEST; DENYING REQUEST TO MODIFY SCHEDULING ORDER; DENYING PLAINITFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND TO AMEND THE COMPLAINT**<br><br>Re: ECF Nos. 31, 33, 34 |

Plaintiff, an inmate at Valley State Prison, has filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that defendant Correctional Training Facility ("CTF") warden Koenig authorized a July 20, 2020 raid at CTF that targeted African American inmates and did not require correctional officers to use personal protective equipment, all with the intent to spread COVID to African American inmates, in violation of the Eighth Amendment's prohibition on deliberate indifference to inmate safety and to Plaintiff's serious medical needs, and stating state law claims for intentional infliction of emotional distress and negligent supervision. ECF Nos. 24, 29. This order addresses the following motions: ECF Nos. 31, 33, 34.

**DISCUSSION**

I.    **ECF No. 31 – Defendant's Request for Extension of Time to Respond to Discovery**

Good cause being shown, the Court GRANTS *nunc pro tunc* Defendant's request for a two-week extension of time to respond to Plaintiff's discovery request, served on December 11, 2023. ECF No. 31. Defendant's response to Plaintiff's December 11, 2023 request for production of documents are timely if served by January 24, 2024.

**II.     ECF No. 33 – Defendant's Request to Modify Scheduling Order**

The Court DENIES as moot Defendant's request to modify the scheduling order so as to vacate the deadline for filing dispositive motions and to reset the deadline, if necessary, following a ruling on the pending exhaustion motion. ECF No. 33. Defendant has complied with the current scheduling order. Defendant's summary judgment motion (ECF No. 32), docketed on January 22, 2024, is a dispositive motion in that it may dispose of this action on exhaustion grounds. If the pending summary judgment motion does not dispose of this action, the Court will set a new briefing schedule in the order addressing the motion.

**III.    ECF No. 34 – Plaintiff's Requests to Add Claim and for Appointment of Counsel**

Plaintiff has requested that the Court allow him to amend his complaint to add an additional claim of injury, and that the Court appoint him counsel. ECF No. 34. The Court DENIES both requests for the reasons set forth below.

**A.     Request to Add Claim**

Plaintiff seeks to add a claim that, on February 10, 2021, in retaliation for his August and September 2020 grievances regarding the July 20, 2020 raid, defendant Koenig's employees placed a confidential memorandum in Plaintiff's central file that falsely accused Plaintiff of being an associate/member of the STG-1 Black Guerilla Family, with the goal of preventing Plaintiff from being granted parole. ECF No. 34 at 1-10. This request is DENIED for the following reasons.

First, a plaintiff may not amend a complaint piecemeal, i.e., by adding claims in different pleadings. The Court will not piece together various pleadings to determine what defendants are being sued and what claims are being brought. If a plaintiff wishes to amend his complaint by adding defendants or claims, he must file a proposed amended complaint that includes all the defendants that he wishes to sue and all the claims he wishes to bring.

Second, because Defendant has already filed an answer, Plaintiff must obtain either Defendant's consent or leave of court before he may further amend his complaint. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff has obtained neither.

Third, the Court would deny leave to file an amended complaint that added this retaliation

2

1  claim because amendment would be futile.  The proposed retaliation claim fails to state a
2  cognizable retaliation claim, fails to state a claim against defendant Koenig, and violates Federal
3  Rule of Civil Procedure 20's rule on joinder.
4        Plaintiff alleges that, five months after he filed grievances, defendant Koenig's employees
5  placed the false information in his file in retaliation for the grievances.  ECF No. 34 at 1-10.  The
6  Court cannot reasonably infer from Plaintiff's conclusory allegations that defendant Koenig was
7  involved in generating or placing the confidential memorandum and that the confidential
8  memorandum was retaliatory.  It is unclear who authored the memorandum and whether they
9  knew of the grievances.  It is also unclear whether defendant Koening knew of the confidential
10  memorandum, much less was involved in the creation of the memorandum.  While Fed. R. Civ. P.
11  8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-
12  unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Moreover,
13  defendant Koenig is not liable for his employees' retaliatory actions simply because he employs or
14  supervise them.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondent
15  superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that
16  one is liable simply because he supervises person who has violated plaintiff's right).
17        Finally, Fed. R. Civ. P. 20(a)(2) provides that all persons "may be joined in one action as
18  defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative
19  with respect to or arising out of the same transaction, occurrence, or series of transactions or
20  occurrences; and (B) any question of law or fact common to all defendants will arise in the
21  action."  Fed. R. Civ. P. 20(a)(2).  The upshot of these rules is that "multiple claims against a
22  single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim
23  B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Here, the
24  allegations in ECF No. 34 do not state a claim against defendant Koenig, and the proposed claim
25  arises from a separate occurrence (false February 2021 memorandum in retaliation for August and
26  September 2020 grievances) than the occurrences at issue in the operative complaint (July 2020
27  raid).
28        The Court DENIES Plaintiff's request to add a claim to the operative complaint.  ECF No.

3

34 at 1-10. This denial is without prejudice to Plaintiff raising his retaliation claim in a separate action.

### B. Renewed Request for Appointment of Counsel

Plaintiff has previously requested appointment of counsel, and the Court denied the request on July 25, 2022, in a reasoned order. ECF No. 19. Plaintiff has filed a renewed request for appointment of counsel, citing similar reasons for appointment of counsel as he cited in his initial request. ECF No. 34 at 12-14. Plaintiff's circumstances have not changed significantly since his initial request.[1] Accordingly, Plaintiff's renewed request for appointment of counsel is DENIED for the same reasons set forth in the Court's July 25, 2022 Order. The request is without prejudice to the Court's *sua sponte* appointment of counsel if the interests of justice so require.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court GRANTS *nunc pro tunc* Defendant's request for a two-week extension of time to respond to Plaintiff's discovery request, served on December 11, 2023. ECF No. 31.

2. The Court DENIES as moot Defendant's request to modify the scheduling order. ECF No. 33.

3. The Court DENIES Plaintiff's request to add a claim to the operative complaint. ECF No. 34 at 1-10. This denial is without prejudice to Plaintiff raising this claim in a separate action. The Clerk is directed to send Plaintiff two copies of the Court's civil rights complaint form.

/ / /

---

[1] The primary difference between Plaintiff's circumstances at the time of his initial request for appointment of counsel and his current request for appointment of counsel is that he was housed at CTF when he filed his initial request for appointment of counsel, ECF No. 3, and is now housed at Valley State Prison, ECF No. 34 at 13. Plaintiff states that the layout of VSP renders the law library difficult to access. Plaintiff states that the law library is a quarter-mile round trip from his cell with a measurable uphill grade, and that Plaintiff's mobility impairment and limited lung capacity make the trip to the library difficult. He further states that the tablets providing wireless access to Law Library services are effectively unusable because of poor signal strength. ECF No. 34 at 13. However, Plaintiff similarly alleged that he was unable to access the law library at CTF, but for different reasons. ECF No. 3 at 2-3 (limited access to CTF law library due to COVID restrictions, only half the computers are operable, and additional restrictions due to staff shortages).

1        4.      The Court DENIES Plaintiff's request for appointment of counsel.  ECF No. 34 at 12-14.  The request is without prejudice to the Court's *sua sponte* appointment of counsel if the interests of justice so require.

This order terminates ECF Nos. 31, 33, 34.

**IT IS SO ORDERED.**

Dated:  February 5, 2024



                                                             JON S. TIGAR
                                                    United States District Judge

5